**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

    v.                                                                  No. 16-CV-00944-MCA-CG
                                                                         No. 11-CR-01012-MCA

LUIS OMAR VIELMAS-VALDIVIEZO,

     Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Luis Omar Vielmas-Valdiviezo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 216] and In Response of Your Memorandum Opinion And Order To Show Cause [CV Doc. 4; CR Doc. 222]   Defendant is incarcerated and proceeding *pro se*.   For the reasons explained below, Defendant's § 2255 motion will be dismissed with prejudice as untimely under § 2255(f)(3), a certificate of appealability will be denied, and judgment will be entered.

On August 16, 2016, Defendant filed his § 2255 motion, which seeks sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).   [CV Doc. 1; CR Doc. 216]   On September 26, 2016, the Court ordered Defendant to show cause why his § 2255 motion should not be dismissed as untimely under 28 U.S.C. § 2255(f)(3), because it was filed more than one year after the issuance of the *Johnson* decision.   [CV Doc. 2; CR Doc. 221]   In response, Defendant contends that his § 2255 motion should not be dismissed as untimely for the following reasons:

(1) Reeves Correctional Institution (hereinafter referred to as "Reeves") did not post notice of the *Johnson* decision until the first week of June 2016; (2) Reeves was on lockdown for one week during the month of June 2016; (3) mailings via certified mail were not available at Reeves for more than two months; and (4) according to resources available at the prison library, a § 2255 motion seeking relief under *Johnson* is timely filed "as long as it is filed within one year of the *Welch* decision, making the filin[g] deadline for a *Johnson* based argumen[t] April 18, 2017." [CV Doc. 4; CR Doc. 222]

The Court first will address Defendant's contention that the one-year filing deadline under § 2255(f)(3) begins to run on April 18, 2016—the date on which the United States Supreme Court held that the rule announced in *Johnson* is retroactively applicable to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).   As explained in the Court's September 26, 2016 Memorandum Opinion and Order to Show Cause, the United States Supreme Court considered this precise issue in *Dodd v. United States*, 545 U.S. 353 (2005), namely, whether the one-year statute of limitation in § 2255(f)(3) begins to run on "the date on which this Court 'initially recognized' the right asserted in an applicant's § 2255 motion, or whether, instead, it is the date on which the right is 'made retroactive.'" *Id.* at 354-55 (alteration omitted).   The Court held that the text of § 2255(f)(3) "settles this dispute" because it "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured:   'the date on which the right asserted was initially recognized by the Supreme Court.'"   *Id.* at 357.   Therefore, a § 2255 "applicant has one year from the date on which the right he asserts was initially recognized" to file a § 2255 motion.   *Id.*

Defendant seeks relief under *Johnson* and, therefore, the one year limitation period in §

2

2255(f)(3) begins to run on June 26, 2015—the date on which the *Johnson* decision was issued.

Defendant's § 2255 motion was not filed, however, until August 16, 2016—more than one year

after the issuance of the *Johnson* decision.   [CV Doc. 1; CR Doc. 216]   Because Defendant's §

2255 motion was not timely filed within the one-year deadline set forth in § 2255(f)(3), it is

time-barred.

Defendant appears to argue that he is entitled to equitable tolling of the one-year deadline

because he was not informed of the *Johnson* decision until June 2016, he was on lockdown for one

week in June 2016, and he did not have access to certified mail for two months.   [CV Doc. 4; CR

Doc. 222]   Although the one-year deadline in § 2255(f)(3) is subject to equitable tolling, "this

equitable remedy is only available when an inmate diligently pursues his claims and demonstrates

that the failure to timely file was caused by extraordinary circumstances beyond his control."

*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).   "An inmate bears a strong burden to

show specific facts to support his claim of extraordinary circumstances and due diligence."   *Yang

v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and alteration omitted).

"[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner,

does not excuse prompt filing."   *Marsh*, 223 F.3d at 1220 (internal quotation marks omitted); *see

also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (holding that an incarcerated inmate's

"alleged ignorance of AEDPA's one-year limitations period does not support the application of

equitable tolling principles").   Additionally, a "temporary prison lock down . . . do[es] not qualify

as extraordinary circumstances." *United States v. Rauch*, 520 F. App'x 656, 658 (10th Cir. 2013)

(unpublished); *see also Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008) (holding that a

74-day prison lock down "does not qualify as extraordinary" and, therefore, does not warrant

equitable tolling).   Although Defendant alleges that he was deprived of certified mail services for two months, he acknowledges that he was permitted to "send [mail] with stamps."[1]   [CV Doc. 4; CR Doc. 222]   The Court concludes that Defendant's preference to wait two months in order to send his § 2255 motion to this Court via certified mail, instead of regular mail, does not constitute extraordinary circumstances beyond his control.  *See Rauch*, 520 F. App'x at 658 (holding that the pro se petitioner's "decision to delay filing his § 2255 motion in order to collect more information to bolster his claim" did not entitle the petitioner to equitable tolling).

Regardless, even if extraordinary circumstances existed, Defendant has failed to allege with specificity "the steps he took to diligently pursue his federal claims."  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  In particular, Defendant fails to explain how the one-week lockdown or the temporary lack of certified mail services hindered his efforts to timely file his § 2255 motion.  *See id.* (holding that "it is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *United States v. Martinez*, 303 F. App'x 590, 595 (10th Cir. 2008) (holding that the petitioner failed to demonstrate due diligence, in relevant part, because he failed to "aver[] that he requested an extension of time to file his motion . . . or otherwise attempted to timely file despite being deprived of access to the law library and unspecified legal materials") (unpublished).   Therefore, Defendant is not entitled to equitable tolling of the one-year deadline in § 2255(f)(3) and his § 2255 motion will be dismissed with prejudice as untimely.

Additionally, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial

---

[1]Defendant alleges that he needed to send his § 2255 motion via certified mail, as opposed to regular mail, "to be sure that [the Court] will receive the mail at time."   [CV Doc. 4; CR Doc. 222]

showing that he has been denied a constitutional right as required by 28 U.S.C. §2253(c)(2).

Thus, the Court will deny a certificate of appealability.

      **IT IS THEREFORE ORDERED** that Defendant's Petition for Writ of Habeas Corpus

under 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 216] is DISMISSED with prejudice as untimely; a

certificate of appealability is DENIED; and judgment will be entered.

_____

UNITED STATES DISTRICT COURT JUDGE